

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Cameron, Texas

Dear Sir:

Opinion No. O-3714
Re: Authority of county superin-
tendent to refuse approval
of contract between common
school district and school
superintendent, such refusal
being petitioned by a major-
ity of the patrons of the
school.

In your letter of June 10, 1941, you submit the
following facts:

Before the county superintendent approves a con-
tract made between the trustees of a common school district
and a person to serve as superintendent of the school a
petition signed by eighty-one (81) residents of the school
district, and constituting sixty-five (65) per cent of the
patrons of the district, is presented to the county superin-
tendent, protesting the approval of the contract, such pe-
tition reading as follows:

"We, the undersigned citizens and patrons
of the Sharp School District, do respectfully
request that you do not approve the contract be-
tween the Board of Trustees of the Sharp School
District and A. B. Dunn for the reasons that
said contract purports and attempts to employ
the said A. B. Dunn as Superintendent of said
school for a term of two (2) years, when the
said A. B. Dunn is not a suitable person to hold
the position of Superintendent and is unreason-
able and overbearing on the pupils of the school
and is not of a suitable disposition for the
position.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"We respectfully request that you have a
hearing on this contract, giving to the under-
signed the right to be heard and to present
evidence upon this petition and upon the fact
that the said A. B. Dunn is not eligible to
hold said position and why said contract should
not be approved."

You request our opinion as to whether or not the
county superintendent may consider such petition and the
complaints therein made in determining whether or not he
will approve or reject the contract or whether the county
superintendent has no discretion other than to approve the
contract, even though charges of such nature are made.

Article 2750, Revised Civil Statutes, provides
that the county superintendent shall approve contracts made
with teachers to teach in common school districts. See also
Article 2693, Revised Civil Statutes.

We believe the cases of White v. Porter, 78 S. W.
(2d) 287, Miller v. Smiley, 65 S. W. (2d)417, and Peevy v.
Carlile, 139 S. W. (2d) 779, are distinguishable from Van-
landingham v. Hill, 47 S. W. (2d) 641, and Thomas v. Taylor,
163 S. W. 129, and that under authority of the latter two
cases a county superintendent may exercise a reasonable dis-
cretion in disapproving such a contract because of personal
unfitness of a teacher. Such discretion, however, may not
be exercised arbitrarily and without good cause, but only
upon good and sufficient grounds. Whether the causes exist
in a particular case and whether they are sufficient to bring
about the exercise of this discretion are questions which
we cannot determine. Those questions address themselves to
the sound judgment of the county superintendent. We believe
our construction of the power given the county superintendent
is particularly borne out by the Thomas v. Taylor case, supra.

APPROVED AUG 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant